RONALD G. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 34142-86.
United States Tax Court
T.C. Memo 1988-368; 1988 Tax Ct. Memo LEXIS 391; 55 T.C.M. (CCH) 1538; T.C.M. (RIA) 88368; August 10, 1988. Ronald G. Williams, pro se. Matthew A. Lykken, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by means of three separate notices of deficiency, each dated June 16, 1986, determined deficiencies in income tax and additions to tax for petitioner's 1981, 1982 and 1983 taxable years, as follows: Taxable
Income
Additions to Tax
Year
Tax
6651(a) [1]
6653(a)(1)
6654
6661 [2]
1981
$  9,279.00
$ 2,330.17
* $ 486.45
$ 706.37
$   --  1982
10,261.00
1.159.54
* 513.05
317.81
2,565.25
1983
19,277.01
4,294.70
* 961.35
1,020.27
4,806.75
*392 Respondent, by motion, also seeks $ 5,000 in damages pursuant to section 6673. The issues remaining for our consideration are: (1) Whether petitioner is entitled to a basis in his labor equal to its fair market value; (2) whether respondent can base his deficiency determination upon petitioner's Forms W-2; (3) whether petitioner is liable for *393 the additions to tax; and (4) whether damages are to be awarded against petitioner under section 6673. Although petitioner alleged in his pleadings that he was entitled to various exemptions and deductions which respondent did factor into his determinations for 1981, 1982 and 1983, petitioner offered no testimony or other evidence in support of his allegations. FINDINGS OF FACT Petitioner resided at Ponder, Texas, at the time his petition in this case was filed. During the years in question, he worked as a flight service clerk for a major airline. Petitioner received wages from the airline in exchange for his services in the amounts of $ 31,014.90, $ 33,851.85 and $ 55,441.68 for the taxable years 1981, 1982 and 1983, respectively. Petitioner did not file Federal income tax returns for 1981, 1982 and 1983. Respondent, based upon copies of petitioner's Forms W-2 received by respondent from the airline, determined deficiencies in petitioner's taxable income and additions to tax for each of the 3 years in issue. OPINION Petitioner, although apparently intellectually well-equipped, has offered us the same old well-worn rhetoric that tax protesters have unsuccessfully served *394 up in numerous other cases. Essentially, petitioner argues that he has a basis in his labor and his wages are an even exchange and not taxable. Petitioner finds solace in his admission that wages are income and apparently sees his position as correct and/or more justified. We, however, see no difference and both positions have been addressed and rejected numerous times. ; (1981; ; , affd. . Petitioner has also argued that respondent should not be entitled to use petitioner's Forms W-2 to determine his deficiency and that this Court cannot consider the Forms W-2. Here petitioner resorts to sophistry in arguing that Forms W-2 and withholding taxes relate to a portion of the Internal Revenue Code other than that over which this Court has jurisdiction, and, accordingly, such documents or evidence cannot be relied upon by respondent or considered by the Court. Petitioner has simply confused *395 concepts of jurisdiction with concepts of evidence and its admissability. Nevertheless, at trial, petitioner readily admitted that he received wages set forth in respondent's determination. We waste no further time addressing other tangential points made by petitioner because they are also meaningless and without merit. Petitioner has not carried his burden of showing that the respondent's determinations are in error. ; Rule 142(a). Additionally, petitioner has not carried his burden of showing that he is not, under the circumstances of this case, liable for the additions to tax determined by respondent. See ; ; , . Respondent has moved for damages pursuant to section 6673. Section 6673 provides for damages up to $ 5,000 when a proceeding is instituted or maintained primarily for delay or a taxpayer's position is frivolous or groundless. We *396 find both of those circumstances present in this case. Petitioner has advanced positions and arguments to respondent and this Court which have been clearly established as "frivolous" and "groundless" by numerous courts. We think it clear, that petitioner, an obviously intelligent person, advances these arguments to avoid payment of his share of taxes and/or for purposes of delay. We, accordingly, award damages to the United States in the amount of $ 5,000. To reflect the forgoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all rule references are to the Tax Court's Rules of Practice and Procedure. ↩
2. Respondent, in the notice of deficiency for 1982 and 1983, determined an addition to tax of 10 percent of the income tax deficiency. The amounts set forth in the schedule above are 25 percent of the income tax deficiency pursuant to respondent's amended answer seeking the increased amount permitted by a 1986 amendment to section 6661 permitting a 25-percent addition to tax. If petitioner is liable for the sec. 6661 addition, the correct percentage is 25, as a matter of law. .↩
*. Plus 50 percent of the interest due on the income tax deficiency under section 6653(a)(2). ↩